U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 6 2016

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LAWRENCE JAMES TAYLOR, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-605-A |
| | § | (No. 4:06-CR-095-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

On June 29, 2016, the court received from movant, Lawrence
James Taylor, a document titled "Motion Under 28 U.S.C. Section
2255, to Vacate, Set Aside, or Correct Sentence By a Person in
Federal Custody." After having considered such motion, its
supporting memorandum, the motion to stay that accompanied the
§ 2255 motion, the record in Case No. 4:06-CR-095-A, and
pertinent legal authorities, the court has concluded that such
motion should be dismissed for lack of jurisdiction.

I.

The Motion to Stay

This is movant's second and successive motion under
28 U.S.C. § 2255. See Case No. 4:09-CV-314-A, Docs. 1, 3, & 12.[1]
He has not obtained certification of the Fifth Circuit to file

_____

[1]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in
the referenced case.

his June 29, 2016 motion.  Consequently, the court lacks

jurisdiction to decide the new motion.  See 28 U.S.C. § 2255(h).

      Movant says that he has filed with the Fifth Circuit a

motion for leave to pursue a second or successive § 2255 motion

and asks that the court stay the proceedings in this action

pending a ruling on such motion. He does not cite any authority

in support of his motion to stay and the court is aware of none.

See United States v. Ray, No. 11-19, 2014 WL 6612615, at *2 (E.D.

La. Nov. 20, 2014)(court was not aware of any instances

sanctioning use of "placeholder" § 2255 motions). Although the

limitations period of § 2255 may be equitably tolled in rare and

exceptional circumstances, movant has not shown that such is the

case here. Cousin v. Lensing, 310 F.3d 843, 848-49 (5th Cir.

2002); United States v. Villegas, No. H-03-238, 2009 WL 29687

(S.D. Tex. Jan. 5, 2009).

      Therefore, the motion to stay is being denied.

                              II.

                In Any Event, the Motion is Untimely

      Movant's new § 2255 motion would be untimely in any event.

A.    Background

      Movant's judgment of sentence and conviction was issued

November 21, 2006.  Case No. 4:06-CR-095-A, Doc. 42.  He appealed

to the Fifth Circuit, which affirmed his sentence and conviction

                                2

by an opinion it issued on January 23, 2008. United States v. Taylor, 263 F. App'x 402, 407 (5th Cir. 2008). The Fifth Circuit's mandate issued February 14, 2008. Case No. 4:06-CR-095-A, Doc. 53. Movant did not seek writ of certiorari, causing his judgment to become final in the Spring of 2008. Unless movant enjoys a renewed one-year period of limitations, his time for filing a motion to vacate, set aside, or correct sentence has expired. See 28 U.S.C. § 2255(f).

His new motion indicates that he is asserting that his § 2255 claim is based on a new rule of constitutional law made retroactive to cases on collateral review through Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). To benefit from Johnson and Welch, movant must show that the Johnson ruling applies, and has been made retroactively applicable, to his case. Specifically, § 2255 provides, in pertinent part, with regard to limitations:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of ---
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f)(3).

B.    The Limited Effect of the *Johnson* and *Welch* Decisions

However, nothing in the new motion suggests that the Johnson ruling has any relevance to movant's criminal case. The holding in Johnson upon which movant relies is that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563 (emphasis added). In particular, the Supreme Court said that its decision does not call into question any other provision of the Act. Id. And, in Welch v. United States, the Supreme Court reminded: "Johnson considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). The Court held that provision void for vagueness." 136 S. Ct. at 1260-61 (emphasis added). The residual clause to which the Supreme Court directed its attention in Johnson reads "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

The Supreme Court has made abundantly clear that the limitation period of § 2255 is to be strictly construed in accordance with the words used by Congress. Dodd v. United States, 545 U.S. 353, 359 (2005). And, that is so even if the result is harsh. Id. See Fierro v. Cockrell, 294 F.3d 674, 684

4

(5th Cir. 2002)(noting that the limitations period is strictly applied and "subject only to the narrowest of exceptions").

Johnson and Welch are not helpful to movant unless he can demonstrate that the § 924(e)(2)(B)(ii) residual clause was a factor in his sentence.  He has not, and cannot, make such a demonstration.

C.   The § 924(e)(2)(B)(ii) Residual Clause Did Not Play Any Role in Movant's Sentencing

There is nothing in the record of movant's criminal case or in the Fifth Circuit's opinion related to his appeal to suggest that the § 924(e)(2)(B)(ii) residual clause played any role in movant's sentencing.

The presentence report ("PSR") discloses that the probation officer found and concluded that movant had the status of armed career criminal within the meaning of § 924(e) by virtue of having previous convictions for three violent felonies (two burglary of a building convictions and one conviction for injury to a child) and a conviction for a serious drug offense.  Case No. 4:06-CR-095-A, Doc. 46 at 7, ¶ 23.[2]  Movant objected to the PSR on the ground, inter alia, that the drug offense the probation officer mentioned did not qualify as a serious drug

---

[2]All Case No. 4:06-CR-095-A Doc. 46 page number references are to the ECF header numbers at the tops of the pages.

offense.  Id. at 45 (Obj. No. 1).  He did not object to the
probation officer's reliance as prior violent felonies on the
burglary of a building convictions or his injury to a child
conviction.  Instead, in his Objection No. 4, movant admitted
that all three qualified as prior violent felony convictions,
stating:

> The sentence for being a felon in possession of a
> firearm is normally capped at 10 years.  In this case
> Taylor's sentence range is increased to 15 years
> minimum because he is labeled an "Armed Career
> Criminal."  To be so labeled, Taylor had to have
> committed three crimes of violence or serious drug
> offense.  The only three offenses that so qualify are
> two convictions for burglary of a building and a
> conviction for injury to child.

Id. at 47 (Obj. No. 4)(emphasis added).

With leave of court, movant filed in advance of the
sentencing hearing an additional support for objection to the
PSR, urging that both of movant's burglary offenses could not be
counted because "the government cannot show that the burglary
offenses occurred on occasions different from one another."  Id.
at 80.  He referenced the indictments in his state burglary
cases, and points to the fact that in each of the indictments the
burglary was alleged to have occurred "on or about" a certain
date.  Id. at 81.  Still no objection was made by movant to the
probation officer's findings and conclusions that his burglary

and injury to child convictions were violent felonies within the meaning of § 924(e).  Id. at 80-83.

At the sentencing hearing, the court adopted as the court's findings of fact and conclusions of law the fact findings and conclusions expressed in the PSR, as modified or supplemented by the addenda.  Case No. 4:06-CR-095-A, Doc. 49 at 18.  Movant's sentence of imprisonment was for a term of 260 months.  Case No. 4:06-CR-095-A, Doc. 42 at 1.

On January 23, 2008, the Fifth Circuit affirmed.  United States v. Taylor, 263 F. App'x 402 (5th Cir. 2008).  The Fifth Circuit held that this court's classification of movant as an armed career criminal was proper, id. at 404, explaining that:

> [T]he district court's imposition of the ACCA enhancement was proper in Taylor's case.  The Government met its initial burden by providing reliable evidence of past convictions.  Defendant then bore the burden of proving that the convictions did not support an ACCA enhancement.

Id.  The Fifth Circuit found that movant failed to meet his burden to show that the armed career criminal enhancement based on the two burglary convictions and injury to a child conviction was improper.  Id. at 405.[3]

---

[3]The opinion of the Fifth Circuit indicates that the government ultimately agreed with movant that his drug conviction did not qualify as a serious drug offense.  United States v. Taylor, 263 F. App'x 402, 403 (5th Cir. 2008).

In movant's first § 2255 motion he took the positions that (1) his injury to a child conviction was not a crime of violence and (2) his burglary of a building convictions should not have been used as prior crimes of violence under § 924(e) because, he argued, they were convictions under § 30.02(a)(3), citing to United States v. Constante, 544 F.3d 584 (5th Cir. 2008)(in which the Fifth Circuit held that a conviction under § 30.02(a)(3) did not constitute a generic burglary inasmuch as it lacked the element of intent).[4]   Case No. 4:09-CV-314-A, Docs. 1 & 1-2 (Mot.) at 6 & (Mem.) at 4th & 5th unnumbered pages.   Other arguments were made by movant in his first § 2255 motion that do not require mention here.

The court denied movant's first § 2255 motion, pointing out that movant provided no explanation for why he raised the claims he asserts in such motion for the first time in the motion other than to contend generally that none of them were raised previously due to ineffective counsel.   Case No. 4:09-CV-314-A, Doc. 3 at 2.   The court concluded that movant failed to allege the required elements to overcome his procedural default.   Id.

---

[4]The court notes that, in his first motion under § 2255, movant raised the propriety of his sentence under the ACCA on grounds virtually identical to those he now asserts. Case No. 4:09-CV-314-A, Doc. 1-2 (Mem.) at 4 & 11-14. The court determined that the claims were procedurally defaulted and the Fifth Circuit affirmed. Id., Docs. 3 & 12.

The Fifth Circuit denied movant's request for a certificate of appealability.   Case No. 4:09-CV-314-A, Doc. 12.

Nothing in the district court record remotely suggests that the § 924(e)(2)(B)(ii) residual clause played a role in movant's sentence.

## D.   In Any Event, the Grounds of Movant's Current Motion Cannot Be Asserted in a § 2255 Motion

Not only is there no indication in the record of movant's criminal case that any of his prior convictions was used against him because it came within the scope of the § 924(e)(2)(B)(ii) residual clause, the injury to a child conviction was undoubtedly used because of the language of § 924(e)(2)(B)(i), and the burglary convictions were undoubtedly used because "burglary" is a specified offense under § 924(e)(2)(B)(ii).   If either of those conclusions by the probation officer and this court had been incorrect, that incorrectness should have been brought to this court's attention before sentencing and to the attention of the Fifth Circuit on the direct appeal.

### 1.   The Injury to a Child Conviction

As previously noted, movant admitted in his objection to the presentence report that his conviction for injury to child qualified as a violent felony within the meaning of § 924(e)(1).

9

Supra at 6.   At the sentencing hearing, movant, through his
attorney, made the following concession:

> And that is in order to get an enhancement from ten
> years maximum to 15 years to life, he has to have three
> previous convictions for crimes of violence.   One of
> the previous convictions for a crime of violence is a
> conviction he has for an injury to a child.

Case No. 4:06-CR-095-A, Doc. 49 at 7.   While movant contended

that he did not commit that offense, he did not contend at the

district court level or on his direct appeal that his conviction

for that offense should not be counted as a violent felony in a

§ 924(e)(1) analysis.

   If movant were to be permitted at this time to complain

through a late-filed, second and successive § 2255 motion, of the

probation officer's classification of his injury to a child

conviction as a § 924(e)(1) previous conviction for a violent

felony, the sentencing scheme contemplated by the Federal Rules

of Criminal Procedure and established by Fifth Circuit law would

be upended.

   Rule 32(f)(1) of the Federal Rules of Criminal Procedure

requires that "[w]ithin 14 days after receiving the presentence

report, the parties must state in writing any objections,

including objections to material information, sentencing

guideline ranges, and policy statements contained in or omitted

from the report."   Fed. R. Crim. P. Rule 32(f)(1).   No objection

based on the contention movant now is urging was made by him in response to the PSR.[5]  Nor was the currently raised issue raised by movant in his subsequent objection to the PSR.  Nor was the issue raised at the sentencing hearing.  Finally, it was not raised by movant in his appeal to the Fifth Circuit from his sentence.  See Taylor, 263 F. App'x 402.

The finding and conclusion of the probation officer that movant's injury to a child conviction qualified as a § 924(e)(1) crime of violence became a finding and conclusion of the court by the court's adoption at the sentencing hearing of the findings and conclusions set forth in the PSR.  The Fifth Circuit said in United States v. Engs that "complaints regarding the contents of a presentence investigation report must be raised prior to the

---

[5]In his memorandum in support of his new § 2255 motion, movant cites the 2010 opinion of the Fifth Circuit in United States v. Andino-Ortega, 608 F.3d 305, 311 (5th Cir. 2010), explaining that Andino-Ortega holds that "Texas Injury To a Child is not a crime of violence for USSG § 2L1.2 purposes because it does not have use, attempted use, or threatened use of force as an element." Case No. 4:16-CV-605-A, Doc. 2 at 3d unnumbered page.  To whatever extent Andino-Ortega might be thought to be helpful to movant, he is faced with the fact that before he was sentenced the Fifth Circuit had issued its opinion in United States v. Calderon-Pina, 383 F.3d 254, 260-61 (5th Cir. 2004)(en banc), which made the same holding the Fifth Circuit panel made in 2010 in Andino-Ortega.  If movant thought that the holding caused the probation officer's finding and conclusion that movant's injury to a child conviction constituted a § 924(e)(1) violent felony to be incorrect, he was obligated, subject to waiver, to raise that objection before sentencing, and, at the least, to raise it on his direct appeal.  He did neither.

imposition of sentence." 884 F.2d 894, 897 (5th Cir. 1989).[6] If movant believed that his injury to a child conviction was not a crime of violence within the meaning of § 924(e)(1), he was obligated to make that belief known by an objection to the PSR or by another appropriate means before he was sentenced, and certainly before the Fifth Circuit affirmed his sentence on his direct appeal.

Thus, the court having found and concluded in the sentencing process that movant's conviction for injury to a child qualified as a crime of violence under § 924(e)(1) and there having been no complaint by movant during the sentencing process or in his appeal from the court's judgment based on such finding and conclusion, there would be no basis for a § 2255 review of that issue even if his second and successive § 2255 motion had been his first and even if it had been timely filed.

---

[6]The rule of the Fifth Circuit appears to be consistent with the decisions of other circuits. See, e.g., United States v. Bennett, 291 F.3d 888, 899 (6th Cir. 2002)(authorizing the district court to adopt as its own finding a finding of the probation officer in the presentence report, and treating a failure to object as a waiver); United States v. Kelly, 235 F.3d 1238, 1241 n.2 (10th Cir. 2000)(noting that "a sentencing court [is not allowed] to consider post-judgment challenges to the presentence report"); United States v. Hurst, 228 F.3d 751, 760-61 (6th Cir. 2000)(stating that "inaccuracies not properly presented to the sentencing court at the time of sentencing may not be considered on appeal"); United States v. Williams, 152 F.3d 294, 301 (4th Cir. 1998)(stating that "[w]ithout an affirmative suggestion that the PSR recommendation is unsound, the court is free to adopt the findings of the PSR without more specific inquiry or explanation" [internal brackets and quotation marks omitted]); United States v. Kay, 961 F.2d 1505, 1507 (10th Cir. 1992).

2.   The Burglary Convictions

Movant next takes the position in his new § 2255 motion that the probation officer erred in including as violent felonies to cause movant to be classified as an armed career criminal the two burglary of a building offenses to which he pleaded guilty.   See 4:16-CV-605-A, Doc. 2 at 3d and 4th unnumbered pages.   That is not a residual clause issue.   Instead, it is an issue as to what constitutes a "burglary," as that term is used in § 924(e)(2)(B)(ii).   If there were an issue as to whether movant's two burglary of a building convictions were burglaries, that issue should have been raised during the sentencing process or, at the very latest, in movant's appeal from his sentence.   It was not.

Of interest, and some significance, is the fact that movant in his "Additional Support for Objection" document made reference to, and showed his awareness of, the Supreme Court's decision in Taylor v. United States, 495 U.S. 575 (1990).   Case No. 4:06-CR-095-A, Doc. 46 at 82.   Thus, he was fully aware at that time that for there to be a conviction of a burglary for purpose of a § 924(e) enhancement, the burglary would have to have as elements "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598, 602 (emphasis added).   The papers filed

13

by movant in response to the PSR disclose that he, through his attorney, had the documents that would inform him as to whether the burglaries the probation officer took into account were generic burglaries.  Case No. 4:06-CR-095-A, Doc. 46 at 80-81. He has no excuse for failure to raise the issue at the sentencing or direct appeal stages if it had merit.  It is worth repeating here the Fifth Circuit's admonition that "complaints regarding the contents of a presentence investigation report must be raised prior to the imposition of sentence."  Engs, 884 F.2d at 897.

The court having found and concluded in the sentencing process that each of movant's two burglaries of a building constituted a "burglary," as that word is used in § 924(e)(2)(B)(ii), and there having been no complaint by movant in his appeal from this court's judgment based on such findings and conclusions, there would not be bases for § 2255 review of that issue even if his second and successive § 2255 motion had been his first and had been timely filed.

* * * * *

For the reasons stated above,

The court ORDERS that movant's motion to stay filed June 29, 2016, be, and is hereby, denied.

The court further ORDERS that movant's Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence

14

By a Person in Federal Custody filed June 29, 2016, be, and is hereby, dismissed for lack of jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 6, 2016.

JOHN McBRYDE
United States District Judge

15